UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| C DAVIS,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                Defendant. | Case No. 3:14-cv-05640-KLS<br><br>ORDER AFFIRMING DEFENDANT'S DECISION ON OVERPAID BENEFITS |

Plaintiff has brought this matter for judicial review of the defendant Commissioner's determination of overpaid benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, the Commissioner's decision that Plaintiff is liable for repayment of $51, 038.71 in overpaid benefits is affirmed.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff applied for Supplemental Security Income ("SSI") in July 2003 and was found disabled. AR 13. He began receiving SSI benefits on October 1, 2003. AR 13. In December 2010, the Social Security Administration received an alert from the Internal Revenue Service indicating that Plaintiff may have sold real property in Montana for $45,000. AR. 13, 257. An investigation revealed that Plaintiff had indeed sold the property in August 2009 and had not reported the sale to the Social Security Administration. AR 113. Additional research showed

ORDER - 1

that Plaintiff owned six parcels of real property at the time he applied for SSI in July 2003. AR 13, 114, 279. He failed to disclose his ownership of the properties from application until confronted with the information in December 2010. AR 113.

On December 10, 2010, the Social Security Administration issued a notice that Plaintiff had been overpaid $51,038.71 in SSI benefits from his entire coverage period of July 3, 2003 to December 31, 2010. AR 13, 64-79. Plaintiff filed a request for reconsideration on January 25, 2011 which was denied on February 10, 2011. AR 13. He filed a request for hearing on April 13, 2011. AR 13. After multiple continuances, a hearing was held before an administrative law judge ("ALJ") on July 9, 2012, at which Plaintiff, represented by counsel, appeared and testified. See AR 13, 644-85.

On October 18, 2012, the ALJ issued a decision in which Plaintiff was determined to be liable for the full amount of the overpayment. See AR 13-19. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 16, 2014, making the ALJ's decision the Commissioner's final decision. See AR 5-7; see also 20 C.F.R. § 404.981, § 416.1481. On August 19, 2014, Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See ECF #3. The administrative record was filed with the Court on December 4, 2014. See ECF #16. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to Defendant for recalculation of overpayment or a new hearing, because the ALJ erred in determining that the value of his real property was greater than $2,000 during the period of time between July 2003 and August 2009. For the reasons set forth below, the Court disagrees that the ALJ erred in

ORDER - 2

determining that plaintiff is liable for overpayment of $51,038.71 for the benefits paid during that time.

## DISCUSSION

The Social Security Administration will seek recovery or adjustment for overpayment of benefits. 20 C.F.R. §§ 416.535, 416.560. "To recover overpayments, the Commissioner must show that the claimant actually received benefits beyond the period of disability or in excess of the correct amount." McCarthy v. Apfel, 221 F.3d 1119, 1124 (9th Cir. 2000). The agency may waive recovery or adjustment if "[t]he overpaid individual was without fault in connection with an overpayment" and repayment would defeat the purpose of Title XVI, be against equity and good conscience, or impede efficient administration of Title XVI. 20 C.F.R. §§ 415.550. An individual will be considered at fault when incorrect payment results from

> (a) Failure to furnish information which the individual knew or should have known was material; (b) An incorrect statement made by the individual which he knew or should have known was incorrect (this includes the individual's furnishing his opinion or conclusion when he was asked for facts), or (c) The individual did not return a payment which he knew or could have been expected to know was incorrect.

20 C.F.R. § 416.552.

In this case, the ALJ determined that Plaintiff had not been eligible for benefits due to excess resources from the time of application in July 2003 through December 2010. AR 17. An individual may only be eligible for SSI benefits if the value of his nonexcludable resources does not exceed $2,000. 20 C.F.R. § 416.1205. At the time of his application, Plaintiff stated that he owned only his car and $65 in cash. AR 203. However, subsequent investigation proved that Plaintiff owned six parcels of real property at the time of his application for SSI benefits, and he held the majority of those assets through the duration of his benefits. AR 22-24, 114. The ALJ

ORDER - 3

found that, "the claimant's ownership interest in the remaining properties as of the date he applied for benefits exceeded the $2,000 resource limit, making him ineligible for SSI payments." AR 16.

In his initial brief, Plaintiff conceded overpayment for the period between September 1, 2009 and December 31, 2010 because the $45,000 sale of real property in Montana resulted in resources greater than the maximum allowed for SSI eligibility. Dkt 19 at 2. In his reply brief, Plaintiff also conceded that overpayment began from April 1, 2009 because his bank account exceeded the resources limit as of that date. Dkt 21 at 2. However, he disputes overpayment between July 2003 and March 2009. Dkt. 21 at 2.

Plaintiff argues that the ALJ improperly used the assessed rather than fair market value of the property. The Programs Operations Manual System (POMS) establishes the value of a non-liquid resource, such as real estate, as the current market value (CMV). POMS SI 01140.010.[1] The CMV is defined as "the going price for which it can reasonably be expected to sell on the open market in the particular geographic area involved." POMS SI 01110.400.[2] Plaintiff contends that his properties had no fair market value because they were in tax foreclosure and were not saleable during the time he received his benefits. According to Plaintiff, all of his properties were in poor condition with no potential buyers: the Montana property was dilapidated and unlivable, and realtors would not risk liability by listing the property; one of his Aberdeen, WA properties was a narrow, unbuildable lot that had been "on the market" since 2000 with no sale; another Aberdeen, WA property had the shell of a house without electricity or piping, and was without buyer interest; and a third Aberdeen property had deteriorated and he had no luck

---

[1] https://secure.ssa.gov/poms.nsf/lnx/0501140010.

[2] https://secure.ssa.gov/poms.nsf/lnx/0501110400.

ORDER - 4

selling. AR 24 662-76, Plaintiff testified that his properties had negative value due to tax arrears. AR 673.

Other than his own testimony, Plaintiff submitted no evidence in support of the market value of his properties during the time he received SSI benefits. The ALJ found that "the claimant also offered no clear explanation to support his contention that they had no market value except for a similar allegation that they were all in tax foreclosure until 2009 (per hearing testimony)." AR 17. Plaintiff failed to produce property tax assessments, foreclosure notices, federal income tax returns, or statements from realtors who would not list or failed to sell various properties. AR 674. To support his claims, he produced nothing more than his testimony that the properties were uninhabitable or unbuildable and that his efforts to sell had been fruitless for several years. AR 24, 662-76.

The ALJ clearly found that Plaintiff lacked credibility. "[T]he claimant has been less than forthcoming with information regarding his resources. Even his presentation at the hearing was evasive and inconsistent, raising additional credibility concerns about his allegations…given the evasive nature of his testimony, as well as the significant inconsistencies…the claimant's statements have little credibility." AR 19. Plaintiff has not challenged this credibility determination, and the record amply supports the ALJ's findings as Plaintiff admitted to having purposely withheld information at the time of his application. AR 672.

Without credible evidence of the CMV of the property, the ALJ reasonably relied upon public records of the assessed value of the properties in determining the value of these resources in the SSI context. While a deviation from the POMS, this is not error. POMS "constitutes an agency interpretation that does not impose judicially enforceable duties on either this court or the ALJ. " Lockwood v. Comm'r of Soc. Sec. Admin., 616 F.3d 1068, 1073 (9th Cir. 2010)

ORDER - 5

(internal citations omitted).  Here, Plaintiff failed to produce credible evidence which prevented determination of the CMV.  Without evidence as to the CMV, the ALJ reasonably deviated from the POMS and relied on publicly documented, assessed property values.

The ALJ found that the assessed property values demonstrate that plaintiff surpassed the $2,000 resource maximum for SSI eligibility from the date of his application in 2003.  The record supports this finding with evidence pertaining to the values of Plaintiff's multiple properties from purchase pre-SSI application and at the time of the notice of overpayment.

- 1119 East Market, Aberdeen, WA: Plaintiff purchased this property in 1996 for $6,000.  AR 16, 24, 658.  Grays Harbor County Assessor's office documents show that property had a certified value of $51,689 as of January of 2011.  AR 16, 267.
- 1600 West Market, Aberdeen, WA: Plaintiff purchased this multi-story duplex for $2,000 in 1995. AR 265, 656.  According to the Grays Harbor County Assessor's office, the property had a certified value of $88,620 as of January 2011.  AR 268.
- 804 East First Street, Aberdeen, WA: Plaintiff purchased this vacant lot in late 1998 for $250.  AR 24, 657, 663.  As of January 2011, the Assessor's office certified that the property had a value of $5,850.  AR 266.
- 709 Main Street, Laurel MT: Plaintiff purchased this home for $17,000 in 1990.  AR 24.  He sold the property for $45,000 in August 2009.  AR 24, 654, 257.

Given this evidence, three of the properties met or exceeded the $2,000 resource maximum at the time of purchase several years before Plaintiff's July 2003 SSI application.  By the time of the notice of overpayment in December 2010, all the properties were assessed as substantially above

ORDER - 6

$2,000. Based on this information, Plaintiff clearly surpassed the resource maximum allowed for receipt of SSI for the entire period that he received benefits. The ALJ did not err in concluding that based on the assessed market value of the properties, Plaintiff was overpaid from July 1, 2003 through December 31, 2010.

"The claimant of an overpayment has the burden of proving that he was without fault." Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir.1990). The ALJ found that Plaintiff "made incorrect statements he knew or should have known were false, that he withheld information he knew or should have known was material, and that he accepted a payment that he knew or should have known was incorrect." AR 19. As a result, the ALJ found him at fault for the overpayment. AR 19. Plaintiff has not assigned error or presented any argument contrary to this finding. The record is replete with evidence of Plaintiff's evasiveness and purposeful withholding of information. AR 111-113, 176-189, 672. The ALJ's conclusion is amply supported.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded that plaintiff was liable for overpayment of benefits from July 1, 2003 through December 31, 2010 in the amount of $51,038.71. Accordingly, Defendant's decision is AFFIRMED.

DATED this 22nd day of May, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 7